# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1042-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RANDY A. HOWARD,

     Defendant-Appellant.

_____

Submitted February 23, 2021 – Decided June 11, 2021

Before Judges Fisher and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Accusation No. 19-07-1166.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Debra G. Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant pleaded guilty to failing to register under Megan's Law[1] when he relocated to New Jersey after he was convicted of second-degree rape in North Carolina and ordered as part of his sentence to register as a sex offender. Defendant argues he is entitled to a vacation of the failure-to-register charge and guilty plea pursuant to In re A.A., 461 N.J. Super. 385 (App. Div. 2019). Because the determination that defendant had to register as a sex offender was made by a North Carolina judge as part of a sentence for a North Carolina conviction and not by a New Jersey prosecutor, we affirm.

In 2019, defendant was charged with third-degree failure to register under Megan's Law, contrary to N.J.S.A. 2C:7-2(c)(3), which provides that a person required to register as a sex offender who moves to New Jersey from another jurisdiction must register within ten days of residing in the State.

During a plea hearing, the State advised the court, pursuant to a negotiated plea agreement, defendant was pleading guilty to the charge and the State was seeking non-custodial probation. The State told the court defendant had been convicted of second-degree rape in 2008 in North Carolina and was required to register as a sex offender in New Jersey. Defense counsel confirmed

---

[1] N.J.S.A. 2C:7-1 to -23.

defendant had been convicted in 2008 and did not dispute he was required to register as a sex offender.

Before defendant testified, the court explained, with no objection or correction, its understanding that defendant was pleading guilty for a third-degree crime of failing to register "due to a conviction for a sexual assault in North Carolina in 2008." Defendant confirmed under oath (1) he had been convicted out of state in 2008 for a crime he committed in 1998; (2) his conviction obligated him to register when he relocated to New Jersey; and (3) he had not registered until five or six months after he relocated. After testifying, defendant pleaded guilty to the third-degree crime of failure to register.

Defendant's presentence report contained a description of his North Carolina criminal history, including:

> In 2002, [defendant] was found guilty by jury of statutory rape. He was sentenced to 16 to 21 years prison <u>with sex offender registration</u>. In 2008, he was resentenced to 70-93 months prison with 2,263 days credit for the lesser offense of second degree rape <u>with sex offender registration</u>. It is unclear why [defendant] was resentenced. The offense involves [defendant], at 28 years old, having a sexual relationship with a 15 year old mildly retarded female. They later married, but after divorcing during her pregnancy, the police reopened the case and charged him with statutory rape.
>
> [(Emphasis added).]

A-1042-19

According to the report, a representative of "North Carolina's Megan's Law Division" advised police officers that defendant "was still an active registrant."

At the sentencing hearing, the court reviewed the information in the presentence report. Defense counsel confirmed everything in the presentence report was accurate. Defendant declined the opportunity to speak or to ask any questions. The court again stated defendant had pleaded guilty to a third-degree crime of failing to register and had been convicted "in 2008 for sexual assault in North Carolina." Defendant did not object to that characterization. The court sentenced defendant to one-year probation, subject to seven days' imprisonment, which defendant already had served. The court subsequently entered a judgment of conviction, which defendant now appeals.

On appeal, defendant argues he was entitled, pursuant to A.A., 461 N.J. Super. 385, to notice of "the State's determination that he was required to register under Megan's Law" as a sex offender and to a judicial review of that determination.[2]

---

[2] In making this argument, defendant does not contend the North Carolina crime for which he was ultimately convicted and sentenced, second-degree rape, falls outside the list of sex offenses contained in Megan's Law. See N.J.S.A. 2C:7-2(b).

Defendant's reliance on A.A. is misplaced. The defendant in A.A. was a New Jersey resident who had been arrested in New York and charged in New York with second-degree disseminating indecent material to a minor, in violation of New York Penal Law § 235.21(3) (Consol. 2019). A.A., 461 N.J. Super. at 391. The defendant pleaded guilty to that charge and was sentenced to five years' probation. Id. at 392. His pre-sentence investigation report stated (1) defendant had to remain in New York until and unless an interstate transfer was approved; and (2) his offense in New York did not require registration under New York's Sex Offender Registration Act, N.Y. Corr. Law § 168 (Consol. 2019). Ibid.

New York requested transfer of A.A.'s probation to New Jersey; a New Jersey probation officer submitted documentation regarding A.A.'s conviction to an assistant prosecutor, requesting a determination as to whether A.A. would be required to register in New Jersey under Megan's Law. Ibid. In making that determination, the assistant prosecutor had to consider whether A.A.'s New York offense was "similar to" one of the sex offenses enumerated in Megan's Law. See N.J.S.A. 2C:7-2(b)(3). The assistant prosecutor advised the probation officer the crime for which A.A. had been convicted in New York would fall under Megan's Law and he was required to be registered if he was living in New

Jersey. Ibid. New Jersey accepted the transfer of the defendant's probation and required him to register. Id. at 393.

Nine years later, A.A. moved to terminate ab initio his Megan's Law registration requirement. Ibid. We held, under those circumstances, the defendant was entitled to notice of and the opportunity to challenge in court the assistant prosecutor's determination that A.A.'s New York crime, which did not require registration in New York, was "similar to" a crime listed in Megan's Law, requiring registration in New Jersey. Id. at 395.

Those circumstances are not present here. The determination that defendant was required to register as a sex offender was not made by a New Jersey prosecutor but by a North Carolina judge as part of the sentence defendant received in North Carolina, pursuant to North Carolina law. See N.C.G.S.A. § 14-208.9(b). The presentencing report stated defendant was sentenced to a term of imprisonment "with sex offender registration" for both his statutory-rape and second-degree rape convictions in North Carolina. Defense counsel confirmed the accuracy of the presentence report. The requirement that defendant register as a sex offender was not the result of a New Jersey prosecutor analyzing whether the crime for which defendant was convicted in North Carolina, second-degree rape, was "similar to" one of the sex offenses enumerated in Megan's

A-1042-19

Law under N.J.S.A. 2C:7-2(b)(3). Defendant knew when he left North Carolina based on the sentence he received there he was required to register as a sex offender.[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Defendant argues in the alternative his judgment of conviction should be amended to set forth a fourth-degree crime instead of a third-degree crime. He bases that argument on our decision in State v. Timmendequas, 460 N.J. Super. 346 (App. Div. 2019). After defendant filed his appeal, our Supreme Court issued its decision in State v. Brown, 245 N.J. 78, 96 (2021), "disapprov[ing]" our analysis in Timmendequas and rejecting the argument, which defendant makes here, that an ex post facto violation occurs when, pursuant to a 2007 Megan's Law amendment, a third-degree charge for failure to register is imposed on a defendant who was convicted of a sex offense before the 2007 amendment. Accordingly, we reject defendant's argument that his conviction should be reduced to a fourth-degree crime.